[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15098
Non-Argument Calendar
_____

Agency No. A205-265-983


ALEXIS MACIAS TORRES,
MARIA REMEDIOS TORRES MAGANA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 16, 2018)


Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The petitioners, Maria Remedios Torres Magana and Alexias Marcia Torres, are mother and son. They are natives of Mexico. On July 29, 2014, the two arrived at Laredo, Texas and applied for admission to enter the United States. Neither of them had a valid entry document at the time they sought admission and were therefore inadmissible.[1] They were accordingly ruled to be removable from the United States. In an attempt to avoid removal, the petitioners sought relief from removal through asylum,[2] withholding of removal,[3] and protection under the Convention against Torture ("CAT").[4] The Immigration Judge ("IJ") denied relief and the Board of Immigration Appeals ("BIA") affirmed that denial. The petitioners have appealed the BIA's decision.

The Immigration and Nationality Act ("INA") permits an alien to apply for asylum "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B); INA § 208(a)(2)(B). The petitioners, however, waited almost two years to seek asylum. The IJ and BIA therefore refused to consider the petition for asylum as untimely.[5] The INA strips us of jurisdiction to review a

---

[1] *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I); Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I).

[2] 8 U.S.C. § 1158(a)(1); INA § 208(a)(1).

[3] 8 U.S.C. § 1231(b)(3)(A); INA § 241(b)(3)(A).

[4] 8 C.F.R. § 208.16(c).

[5] In so ruling, they determined that the petitioners failed to qualify for one of the two exceptions to the time bar. *See* 8 U.S.C. § 1158(a)(2)(D); INA § 208(a)(2)(D) (providing that an alien may file an untimely application for asylum "if the alien demonstrates to the satisfaction of

2

determination of the Attorney General that an asylum claim is time barred.  8

U.S.C. § 1158(a)(3); INA § 208(a)(3).[6]  As a result, we do not have jurisdiction to

review the BIA's determination that the petitioners filed an untimely asylum

petition.

We turn to the remaining issue[7] in the petitioners' brief on appeal:

withholding of removal.[8]  We review the IJ's and BIA's legal conclusions *de novo*.

*Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001).  The IJ's factual

findings bind us unless the record shows that "any reasonable adjudicator would be

compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); INA

§ 242(b)(4)(B).

To qualify for withholding of removal, an alien must show that his "life or

freedom would be threatened in that country because of the alien's race, religion,

---

the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application").

[6] *See Chacon-Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (holding that "8 U.S.C. § 1158(a)(3) 'divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing'" (quoting *Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003))).

[7] The petitioners' brief on appeal raises no arguments as to their entitlement to relief under CAT.  Their brief mentions CAT a single time in the plea for relief on its final page.  They have therefore waived the argument that the IJ and BIA erred in denying them CAT relief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[8] We have jurisdiction to review this claim.  *See* 8 U.S.C. § 1252(a)(1); INA § 242(a)(1).

nationality, membership in a particular social group, or political opinion."  8

U.S.C. § 1231(b)(3)(A); INA § 241(b)(3)(A).  The alien has the burden to show

"more likely than not" that she will face persecution or torture upon return to the

country in question based on one of these protected grounds.  *I.N.S. v. Stevic*, 467

U.S. 407, 424, 104 S. Ct. 2489, 2498 (1984); *see Tan v. U.S. Attorney Gen.*, 446

F.3d 1369, 1375 (11th Cir. 2006).  To carry this burden, the alien must present

"specific, detailed facts showing a good reason to fear that he will be singled out

for persecution on account of" a protected ground.  *Ruiz v. U.S. Attorney Gen.*, 440

F.3d 1247, 1258 (11th Cir. 2006) (quotation omitted).  The alien, in other words,

must show a nexus between the alleged persecution and a protected ground, not

merely that she "has been the victim of criminal activity."  *Id.*

    In this case, one of the petitioners, Maria Torres, operated a shoe stand at a

flea market in Los Ocotes, Mexico.  One day, men approached her claiming to be

government officials.  They demanded money from her for a permit to operate her

shoe stand.  She gave them the money but never received a permit.  In subsequent

months, the purported government employees requested more money.  Torres

believed the men to be corrupt and so refused to pay.  When Torres refused, the

purported government officials threatened to kill her and her children.  In one

incident, the men attempted to force open the door at her home.  Torres called the

4

police but they did not apprehend any suspects.  She later filed a report of the incident at a police station.

These purported government officials also demanded money from other merchants at the flea market.  The petitioners' neighbor, who owned a business at the flea market, refused to pay the purported government officials and was found dead in her home.

The record before us does not compel a conclusion that the petitioners' alleged persecution was or would be on account of a protected ground.  The evidence suggests that the purported government officials were motivated by financial gain.  They demanded money upon a threat of violence.  And they made similar demands on many of the merchants in the flea market.  They were, in other words, common criminals in pursuant of fast cash.  Indeed, as the IJ stated: "there does not appear to be any direct or circumstantial evidence that the two men that extorted the respondent in the flea market were motivated by [the] actual or perceived anticorruption beliefs [of Torres]."  We see no reason to disturb this determination.

In conclusion, the record does not support that the purported government officials acted out of animus based on one of the protected grounds.  The IJ and BIA therefore made no error in denying the petitioners' application for withholding of removal.

5

**PETITION DISMISSED IN PART AND DENIED IN PART.**